IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BROCKETT ROAD PARTNERS
LLC, doing business as
SPRINGDALE GLEN
APARTMENTS,

           Plaintiff,

v.

SHANTE WILLIAMS,

           Defendant.

1:14-cv-2040-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant's Objections [5] to Magistrate Judge E. Clayton Scofield, III's Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

**I.    BACKGROUND**

On June 11, 2014, Brockett Road Partners LLC, doing business as Springdale Glen Apartments ("Plaintiff") filed, in the Magistrate Court of DeKalb County, Georgia, a dispossessory warrant ("Complaint") against its tenant, Shante Williams ("Defendant").[1] Plaintiff's Complaint seeks possession of premises

---

[1] No. 14D14212.

currently occupied by Defendant, and past due rent and fees and totaling $2,164.

On June 30, 2014, Defendant, proceeding *pro se*, removed the DeKalb County Action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject matter jurisdiction based on the existence of a question of federal law. She claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment. (Notice of Removal at 2).

On June 30, 2014, Magistrate Judge Scofield granted Defendant's IFP application. Judge Scofield also considered *sua sponte* the question of subject matter jurisdiction and recommends that this action be remanded to the Magistrate Court of DeKalb County.

Judge Scofield found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendant contends violates federal law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Scofield concluded that the Court does not have federal question jurisdiction over this matter. Judge Scofield also found that, because

Defendant alleges that both parties are citizens of Georgia, the Court does not have diversity jurisdiction over this matter.

On July 11, 2014, Defendant filed her Objections [5] to the R&R, in which she asserts generally that the Court has federal question jurisdiction and that the R&R violates certain provisions of the United States Constitution.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam)

### B. Analysis

Defendant appears to object to the finding in the R&R that the Court does not have federal question jurisdiction over this action. "The presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory action which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The Court, having considered *de novo* the issue of federal question jurisdiction, concludes that federal question jurisdiction is not present in this action and Defendant's objection based on federal question jurisdiction is overruled.[2]

---

[2] To the extent Defendant objects that "only the Federal Court has jurisdiction over state court matters," and that the R&R is "unconstitutional with respect to the 'Due Process Clauses' 15th Amendment and Due Process," these objections are meritless, not comprehensible and are not valid objections. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district

4

Defendant does not object to the R&R's conclusion that diversity jurisdiction does not exist. The record does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) ("[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."). The Court thus finds no plain error in the Magistrate Judge's finding that diversity jurisdiction does not exist over this action.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3, 4]

---

court."); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). These objections are required to be overruled.

[3] The Court notes that Defendant, on her Civil Cover Sheet but not in her Notice of Removal, indicates that federal jurisdiction in this action is based on Plaintiff's, and Defendant's, status as U.S. Government entities [1.2]. Defendant has not alleged in her Notice of Removal that she, or Plaintiff, is an officer or agency of the federal government and it appears instead that Plaintiff is a private company and Defendant is a private citizen.

[4] Even if subject-matter jurisdiction existed, the Court is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Objections [5] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge E. Clayton Scofield, III's Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 1st day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.